IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH B. JONES, SR.,

        *Plaintiff*,

v.

ALLSTATE INSURANCE CO.,

        *Defendant*.

CIVIL ACTION
NO. 17-00648

**PAPPERT, J.**                                                                                                June 19, 2017

## **MEMORANDUM**

Plaintiff Kenneth Jones sued Allstate, alleging breach of contract and bad faith in handling his claim for underinsured motorist ("UIM") benefits. Allstate filed a motion to dismiss Jones's bad faith claim. For the reasons below, the Court grants the motion and grants Jones leave to file an amended complaint.

## I.

On December 17, 2015, Jones sustained serious injuries in a car accident caused by the negligence of an underinsured motorist. (Compl. ¶¶ 4–7.) Jones was insured by Allstate under a policy containing underinsured motorist coverage up to $15,000 per person. (*Id.* ¶ 8.) He contends his injuries and losses exceed the $15,000 policy limit. (*Id.*) Though Jones "has fully complied with the terms of the policy," he and Allstate "have failed to agree on the amount of underinsured motorist benefits that [he] is entitled to recover." (Compl. ¶¶ 11–12.)

Jones claims Allstate acted in bad faith by failing to (1) act with reasonable promptness in evaluating and responding to his claim and reasonable fairness in paying the claim, (2) negotiate his claim, (3) properly investigate and evaluate his claim

1

and (4) request a defense medical examination of him. (*Id.* ¶ 17.) Though Jones's Complaint lacks facts regarding Allstate's investigation, responses or offer(s) of payment, he claims that Allstate lacked a reasonable basis for its conduct in handling his claim since there "is no dispute in this case that the accident was the fault of the underinsured driver and that [he] was entitled to underinsured motorist coverage under [his] policy." (*Id.* ¶¶ 16, 18.)

**II.**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citation omitted). While a complaint need not include detailed facts, it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

*Twombly* and *Iqbal* require the Court to take three steps to determine whether the second amended complaint will survive Defendants' motion to dismiss. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, it must "take note of the elements the plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Next, it must identify the allegations that are no more than legal conclusions and thus "not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, where the complaint includes well-pleaded factual allegations, the Court "should

assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly*, 809 F.3d at 786–87).

### III.

The Pennsylvania General Assembly promulgated 42 Pa. Cons. Stat. § 8371 to create a cause of action in Pennsylvania insurance law for "bad faith." The statute provides in relevant part:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of the interest plus 3%; (2) Award punitive damages against the insurer; (3) Assess court costs and attorney fees against the insurer.

42 Pa. Cons. Stat. § 8371.

While the statute does not explicitly define "bad faith," Pennsylvania federal and state courts have defined "bad faith" in this context as "[a] frivolous or unfounded refusal to pay proceeds of a policy." *Keefe v. Prudential Prop. & Cas. Ins. Co.*, 203 F.3d 218, 225 (3d Cir. 2000) (citing *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa. Super. Ct. 1994)); *Atiyeh v. Nat'l Fire Ins. Co.*, 742 F. Supp. 2d 591, 598

3

(E.D. Pa. 2010). To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim. *Keefe*, 203 F.3d at 225 (further citation omitted).

Various other actions by an insurer can also rise to the level of bad faith, such as "lack of investigation into the facts[ ] or a failure to communicate with the insured." *Hamm v. Allstate Prop. & Cas. Ins. Co.*, 908 F. Supp. 2d 656, 668–69 (W.D. Pa. 2012); *Corch Const. Co. v. Assurance Co. of Am.*, No 1250-C, 2003 WL 23473924 (Pa. Commw. Ct. 2003) (Bad faith may occur "when an insurance company makes an inadequate investigation or fails to perform adequate legal research concerning a coverage issue."); *see also Frog, Switch & Mfg. Co., Inc. v. Travelers Ins. Co.*, 193 F.3d 742, 751 n.9 (3d Cir. 1999). Although an insurer's conduct need not be fraudulent for an insured to recover pursuant to a "bad faith" claim, mere negligence or bad judgment will not suffice. *Atiyeh*, 742 F. Supp. 2d at 598 (citing *Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. Ct. 2004)). A claimant must show that the insurer acted in bad faith based on some motive of self-interest or ill will. *Id.*

Courts in this Circuit have routinely dismissed bad faith claims reciting only "bare-bones" conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012); *Camp v. New Jersey Manufacturers Ins. Co.*, No. 16-1087, 2016 WL 3181743, at *5–6 (E.D. Pa. June 8, 2016); *Pasqualino v. State Farm Mut. Auto. Ins. Co.*,

4

No. 15-0077, 2015 WL 3444288 (E.D. Pa. May 28, 2015). In *Pasqualino*, the plaintiff sued State Farm for breach of contract and bad faith after she sustained injuries as the result of an underinsured motorist's negligence. *Id.* at *1–2. She set forth a laundry list of allegations concerning State Farm's purported bad faith, including that it "failed objectively and fairly to evaluate [p]laintiff's claim"; "failed to adopt or implement reasonable standards in evaluating [p]laintiff's claim"; "acted unreasonably and unfairly in response to [p]laintiff's claim"; "did not attempt in good faith to effectuate a fair, prompt, and equitable settlement of [p]laintiff's claim"; and "failed reasonably and adequately to evaluate or review the medical documentation in [d]efendant's possession," among other things. *Id.* at *2. In dismissing the bad faith claim, the district court held that these allegations, "d[id] not provide any factual allegations from which the Court could make a plausible inference that [d]efendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits" and while the allegations "perhaps suggest[ed] that a bad faith claim [was] possible, they d[id] not allow for any non-speculative inference that a finding of bad faith [was] plausible" as required by the pleading standard set forth in *Twombly* and *Iqbal*. *Id.* at *12–13 (emphasis in original); *see also Camp*, 2016 WL 3181743, at *5–6 (same).

Jones's allegations are insufficient to state a claim for the same reasons. Though Jones contends he has fully complied with the policy and is entitled to UIM benefits, he alleges only that he and Allstate "have failed to agree on the amount of underinsured motorist benefits that [he] is entitled to recover." (Compl. ¶ 12.) "However, failure of an insurer to 'immediately accede to a demand for the policy limit cannot, without more, amount to bad faith.'" *Camp*, 2016 WL 3181743, at *6 (quoting *Smith*, 506 F.

App'x at 136); *Pasqualino*, 2015 WL 3444288, at *4 (same); *see also Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 137 n.22 (3d Cir. 2005) ("An insurer's denial of a claim does not constitute bad faith if it is based on a reasonable legal position in an unsettled area of the law. Neither does an insurer's low, but reasonable estimate of damages or loss constitute bad faith." (internal citation omitted)).

Absent additional facts regarding Jones's insurance claim with Allstate and the accompanying investigation, negotiations, offer(s) or communications, the Court is unable to infer bad faith on the part of Allstate. *See Mattia v. Allstate Ins. Co.*, No. 14-2099, 2014 WL 2880302, at *4 (E.D. Pa. June 24, 2014) (Plaintiffs must "describe who, what, where, when, and how the alleged bad faith conduct occurred." (citation omitted)). The Court therefore grants Allstate's motion and grants Jones leave to file an amended complaint on or before July 16, 2017.

An appropriate order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.