IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH B. JONES, SR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE INSURANCE COMPANY | : | NO. 17-648 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                             October 4, 2017

This is an underinsured motorist coverage case that was removed from state court by Defendant. Doc. 1 at 5-7 (ECF pagination) (Notice of Removal). Although not presented with a formal motion to remand the case to state court, based on my obligation to independently assess the propriety of exercising jurisdiction, I will order the case remanded to the state court. Counsel for both sides agree with this conclusion.

**I.    PROCEDURAL HISTORY**

At the time of its removal to federal court, the Complaint contained two counts alleging breach of contract and bad faith, and Plaintiff sought damages in excess of $50,000 on each count. Doc. 1 at 10-13 (Complaint). Defendant's notice of removal invoked federal jurisdiction under 28 U.S.C. § 1332, alleging diversity of citizenship and an amount in controversy in excess of $75,000. Doc. 1 at 6-7.[1]

After the case's removal to the federal court, Defendant filed a motion to dismiss the Complaint's bad faith claim. The Honorable Gerald J. Pappert, to whom the case was originally assigned, dismissed the bad faith claim without prejudice, finding that

---

[1] In an Arbitration Certification, Plaintiff's counsel certified that recoverable damages exceeded $150,000. Doc. 6.

Plaintiff's allegation that he and Allstate "have failed to agree on the amount of underinsured motorist benefits that [he] is entitled to recover," was insufficient to make out a claim for bad faith. Doc. 13 at 5 (quoting Compl. ¶ 12). On June 23, 2017, Plaintiff filed an Amended Complaint, in which he did not raise a bad faith claim. Doc. 15.

On July 12, 2017, the parties executed a consent to have the case heard by a United States Magistrate Judge, and Judge Pappert referred the case to me for all further proceedings on July 14, 2017. Doc. 23. On August 3, 2017, I held a telephonic conference with counsel and scheduled a settlement conference, which I held earlier today, and which did not resolve the matter.

## II.     DISCUSSION

"As courts of limited jurisdiction, federal courts have the duty to examine the propriety of jurisdiction even when the issue is not raised by the parties." McDonough v. Crum & Forster Personal Ins., Civ. No. 92-385, 1992 WL 114951, at *1 (E.D. Pa. May 20, 1992) (citing Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977)). The current case was removed to the federal court based on diversity jurisdiction, which requires diverse citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Although the Amended Complaint alleges damages "in excess of $50,000," once Plaintiff filed the Amended Complaint presenting only the breach of contract claim, the parties agree that the recoverable damages are defined by the insurance contract, which contains a $50,000 policy limit. As such, without the bad faith claim, the amount in controversy does not reach the necessary threshold, and the federal court does not have

jurisdiction over the case. In my telephone call with counsel on August 3, 2017, they were in agreement that the case should be remanded to the state court.

An appropriate Order follows.